UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICKY ASBELL,

    Plaintiff,

v.                                                        CASE NO. 3:15-cv-1154-J-34MCR

OYSTER YACHT CLUB, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Joint Second Motion for Approval of FLSA Settlement and Dismissal with Prejudice (the "Joint Motion"). (Doc. 18.) The undersigned has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons stated herein, the undersigned recommends that the Joint Motion be **GRANTED**, the Settlement Agreement (Doc. 18-1) be **APPROVED**, and the case be **DISMISSED with prejudice**.

**I.    Background**

On September 29, 2015, Plaintiff brought this action under the Fair Labor

---

[1] "Within 14 days after being served with a copy of [a report and recommendation] a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking to recover, *inter alia*, overtime compensation, liquidated damages, attorney's fees, and costs for Defendant's alleged failure to compensate him at the statutory rate of one and one-half times his regular rate of pay for any overtime hours worked.  (Doc. 1.) Following negotiations, Defendant, without admitting any liability and after raising complete defenses, reached a settlement agreement to resolve this action.  (Doc. 18 at 1-2.)  The parties ultimately reduced their arrangement to a settlement agreement.

On January 25, 2016, the parties filed a joint motion to approve the FLSA settlement and to dismiss the case with prejudice.  (Doc. 16.)  The parties attached their settlement agreement to the motion.  The settlement agreement contained confidentiality and non-disparagement provisions.  On January 29, 2016, the Court issued an order stating that the Court could not approve the settlement agreement while it included a confidentiality and/or non-disparagement clause.  However, because the remainder of the settlement and settlement agreement appeared to be reasonable, the Court took the motion under advisement pending the parties' filing of a revised settlement agreement in compliance with the Order.  (Doc. 17.)

On February 12, 2016, the parties filed the instant Joint Motion (Doc. 18), which was referred to the undersigned.  The parties attached their executed, revised settlement agreement to the Joint Motion, eliminating the confidentiality

and non-disparagement provisions in compliance with the Court's Order. (Doc. 18-1.) Thus, the matter is ripe for review.

## II.   Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and

3

that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. Jan. 13, 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III.  Analysis

Pursuant to the parties' settlement, Plaintiff will receive $6,000.00 for unpaid overtime wages and $6,000.00 for liquidated damages, and Plaintiff's counsel will receive $8,000.00 for attorney's fees and costs.  (Doc. 18-1 at 3.)  The parties represent that the settlement is a fair and reasonable compromise of Plaintiff's claims when taking into account that "Plaintiff and Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA claims," and when taking into account the dispute regarding "FLSA liability, computation of back wages, and the application of various defenses Defendant has raised in opposition to Plaintiff's claims."  (Doc. 18 at 5.)  Further, the parties have been engaged in "extensive negotiations" at "arms-length."  (*Id.* at 3.)  The parties agree that it became reasonable to resolve Plaintiff's claims in light of the "scope of the claims and the costs of continued litigation."  (*Id.*; *see also Id.* at 1 ("Defendant recognizes that litigation is costly and the outcome is uncertain.").)

The undersigned has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA.  *Lynn's Food*, 679 F.2d at 1355.  Plaintiff's recovery appears reasonable given the disputed issues in this case. Moreover, Plaintiff is represented by counsel.  Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching."  *Lynn's Food*

*Stores*, 679 F.2d at 1354.

Moreover, there is no reason to believe that the amount of agreed-upon attorney's fees and costs affected Plaintiff's recovery. The parties represent that the fees and costs were negotiated separately from and without regard to Plaintiff's recovery. (*Id.* at 2.) Therefore, there is no reason to scrutinize the fees and costs. *See Bonetti*, 715 F. Supp. 2d at 1228. However, there is nothing unreasonable apparent from the face of the materials submitted before the Court. *See* (*Id.* at 2-3.); *see also Mansfield v. Castaways Backwater Café, Inc.*, Case No. 2:07-cv-401-FtM-29SPC, 2008 WL 3889598 at *2 (M.D. Fla. Aug. 18, 2008) (approving 40% contingency fee from settlement amount in FLSA settlement agreement).[2] Therefore, the undersigned recommends that no conflict of interest taints the amount to be recovered by Plaintiff. The undersigned also recommends that counsel is being adequately compensated.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Joint Motion (**Doc. 18**) be **GRANTED**.

2. The Settlement Agreement be **APPROVED**.

3. The case be **DISMISSED WITH PREJUDICE**.

---

[2] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case is distinguishable from a case in which such analysis is necessary. This case provides no precedent for such a case since an in-depth analysis could produce a different result.

**DONE AND ORDERED** at Jacksonville, Florida, on February 16, 2016.

                                      MONTE C. RICHARDSON
                                      UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record